HEARD APRIL TERM, 1876.

## THE STATE *vs*. HORD.

For an assault with intent to kill, the prisoner cannot be sentenced to confinement in the Penitentiary.

A prisoner convicted of a misdemeanor cannot be sentenced to confinement in the State Penitentiary, unless such punishment is prescribed by some statute.

BEFORE REED, J., AT CHARLESTON, JUNE, 1875.

This was an indictment against William A. Hord for an assault with intent to kill. He was found guilty and sentenced by the

Court to confinement in the State Penitentiary at hard labor for one year. He appealed, on the ground that the sentence was contrary to law—because it directed the imprisonment to be in the State Penitentiary and not in the common jail of the County.

*Seabrook*, for appellant.

*Stone*, Attorney General, contra.

July 26, 1876. The opinion of the Court was delivered by

Moses, C. J. The defendant Hord was indicted for an assault with intent to kill, and, on conviction, was sentenced to confinement in the State Penitentiary at hard labor for one year. His appeal to this Court contests so much of the sentence as appoints and fixes the Penitentiary as the place of his imprisonment, which he submits is without authority of law.

Wherever imprisonment was the punishment in whole or in part for a common law offense, or prescribed for the violation of some statutory enactment, it took effect by a commitment to and detention in the common jail or prison of the County. No change has been made in the common law punishment for an assault with intent to kill, by any Act of the General Assembly, and no authority has been given to the Circuit Court to substitute a mode different from the one always existing and enforced in this State.

Where the Legislature intended imprisonment in the Penitentiary (with or without hard labor) in whole or in part as the punishment for certain offenses, it has so declared in express terms, as may be seen by reference to the various Sections of the 128th Chapter of the General Statutes.

It is urged against the motion that the first Section of Chapter CXLV of the said statutes provides that "the Penitentiary at Columbia, in the County of Richland, shall be the general penitentiary and prison of the State for the reformation as well as the punishment of all offenders who shall have been convicted and sentenced according to law to the punishment of solitary imprisonment or confinement therein at hard labor." The very language of the Section shows that the Penitentiary was to be the place of confinement only of those "sentenced according to law to the punishment of solitary imprisonment or confinement therein at hard labor."

Imprisonment in a penitentiary, under a judicial sentence, is regarded as more ignominious and degrading than confinement in a County jail. The powers to commit to the Penitentiary, on a conviction by a jury, for some violation of the law must be authorized by a positive provision; and if none can be found sanctioning its exercise, it cannot be enforced with even the semblance of legal warrant.

The whole scope of the General Statutes in regard to the punishment of both crimes and misdemeanors implies the absence of any such right as was exercised in the sentence now under review. While the fifth Section of Chapter CXXXVII of said Statutes declares that "where no special punishment is provided for a felony it shall, at the discretion of the Court, be by one or more of the following rules, to wit: Confinement in a penitentiary or in a workhouse, or penal farm, (where such institutions shall exist,) for a period not less than three months, nor more than ten years, with such imposition of hard labor and solitary confinement as may be directed," no discretion is given to a Circuit Judge, where the punishment for a misdemeanor is not fixed by statute, to change the sentence from that which was imposed upon it at common law.

The motion to set aside the sentence must prevail. The case is remanded to the Court of General Sessions for the County of Charleston, where, on the first day of the next term, the appellant must surrender himself to receive such sentence as the presiding Judge may impose, having regard to the principles announced in this opinion.

*Wright*, A. J., and *Willard*, A. J., concurred.